

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 8, 1991

Honorable Gib Lewis
Speaker
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-55

Re: Whether service on the board of a county education district by a board member of an independent school district constitutes unconstitutional dual office holding, and related questions (RQ-142)

Dear Mr. Speaker:

You ask three questions about the propriety of members of the board of the Hurst-Euless-Bedford Independent School District serving in other positions. Each of your questions requires us to consider the applicability of both the constitutional prohibition on dual office holding, Tex. Const. art. XVI, § 40, and the common-law doctrine of incompatibility. Article XVI, section 40, of the Texas Constitution prohibits a person from holding two "offices of emolument." The common-law doctrine of incompatibility prevents a person from holding two offices where one office might impose its policies on the other or subject it to control in some other way. *See* Attorney General Opinions JM-1266 (1990); JM-129 (1984); JM-97 (1983). It also prohibits an officer from employing himself, that is, from holding an employment subordinate to his office. Attorney General Opinion JM-1266 (1990); Letter Advisory No. 114 (1975).

You first ask whether a member of the board of the Hurst-Euless-Bedford Independent School District may also serve on the board of the county education district of Tarrant County.[1] The Hurst-Euless-Bedford Independent School District

---

[1]Your specific question is whether a member of the board of the Hurst-Euless-Bedford Independent School District may serve as "president" of the board of the county education district. The statutes governing county education districts make no reference to the position of president of the board. There is a reference to the "chairman." Educ. Code § 20.944(b) (chairman may call meetings); *see also id.* § 20.943(e) (commissioner of education may adopt rules relating to the operation and administration of county education districts). Presumably, the members of the county education district in question chose one of their members to serve as the head of the board for procedural

is a component of the county education district of Tarrant County. *See* Educ. Code § 20.941(a). The boards of the component districts of a county education district choose one or two of their members to serve on the board of the county education district. *Id* § 20.943(b).

Service on the county education district board is an additional duty of office of the school board members. *Id* In other words, a school board member serving on a county education district is not to be considered to be holding two different offices. If an individual is holding only one office, the constitutional prohibition on dual office holding is not applicable. *See Texas Turnpike Auth. v. Shepperd*, 279 S.W.2d 302 (Tex. 1955) (legislature may impose extra duties upon statutory officials). Further, members of the board of the county education district receive no compensation for their service, although they are entitled to reimbursement for necessary expenses. Educ. Code § 20.944(c); *see also id* § 23.19(e) (trustees of independent school districts do not receive compensation). Reimbursement for actual expenses does not constitute an emolument for purposes of article XVI, section 40. *See* Attorney General Opinion JM-1266 at 3. Thus, even if a school board member who was also serving on the board of a county education district was considered to be holding a second office, the office would not be an office of emolument and the constitutional prohibition on dual office holding would not apply.

The common-law doctrine of incompatibility is also inapplicable here since the Education Code requires that members of the board of a county education district be members of the boards of the component districts of the county education district. Even if service in two positions is incompatible under the common-law test, the common-law rule is inapplicable where a statute authorizes service in both positions, since the legislature has authority to change the common law by adopting a statute. Tex. Const. art. XVI, § 48; Civ. Prac. & Rem. Code § 5.001; *see also* Attorney General Opinion JM-1157 (1990).

Your second question is whether a member of the board of the Hurst-Euless-Bedford Independent School District may serve as a teacher in a different school district. Such service would not constitute dual office holding since a teacher is not an officer. *See* Letter Advisory No. 137 (1977). Article XVI, section 40, also contains the following proviso:

---

purposes. For purposes of your question, there is no legal distinction between the chairman and other board members.

> State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.

That proviso would not prohibit the situation you describe since a school board member receives no compensation. Educ. Code § 23.19(e).

Further, the common-law doctrine of incompatibility would not prohibit a school board member from working for another district. *See generally* Letter Advisory Nos. 114 (1975); 54 (1973) (language from article XVI, section 40, set out above, does not override common-law incompatibility). Previous decisions of this office have applied two discrete tests to determine whether incompatibility exists: one is whether the individual holds two offices that involve conflicting loyalties; the other is whether there is self-employment. Attorney General Opinion JM-1266. A person has conflicting loyalties if he occupies "two offices where one office might thereby impose its policies on the other or subject it to control in some other way." Attorney General Opinion JM-129 at 1. This kind of incompatibility only exists if the two positions in question are both offices. Attorney General Opinion JM-1266 at 4. Because a teacher does not hold an office, the conflicting loyalties standard would not apply to the facts in question. The doctrine of incompatibility also prohibits an officer from employing himself. Letter Advisory No. 114. Thus, a school board member could not be employed by the district for which he is a board member. However, his employment by a different district would not put him in the position of working for himself.[2]

Your last question is whether a member of the board of the Hurst-Euless-Bedford Independent School District may serve as a part-time staff member in the Bedford office of a state representative. A staff member is an employee and

---

[2]The fact that the two districts in question are both in the same county education district does not raise an issue of self-employment. The board member in question is not a member of the board of the county education district. We need not address whether incompatibility would arise if the board member were a member of the board of the county education district that encompassed both districts.

therefore would not hold two civil offices of emolument if he serves on a school board. *See* Attorney General Opinion H-10 (1973) (secretary of a state legislator is not a state officer). Nor is there incompatibility in this situation. Because a legislative staff member does not hold an office, the aspect of incompatibility that prohibits a person from holding two offices with conflicting loyalties is inapplicable. The self-employment aspect of incompatibility is also inapplicable here.

## SUMMARY

Neither the prohibition on dual office holding set out in article XVI, section 40, of the Texas Constitution nor the common-law rule of incompatibility prohibits a school board member from serving on the board of the county education district of which his school district is a component, from serving as a teacher in a different school district, or from working part-time in a state legislator's office.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General